*L. H. Ludden*, for the petitioners.

*Bolster & Wright*, for the respondents.

———————◆———————

INHABITANTS OF WATERFORD, petitioners for *certiorari*, *vs.* COUNTY COMMISSIONERS OF OXFORD COUNTY.

*Highway and town way—not substantially the same thing.*

A town way is not "substantially the same thing" as a highway, within the meaning of R. S. c. 18, § 39.

Hence, the reversal on appeal of a judgment of county commissioners in laying out on appeal, a town-way, cannot bar them from entertaining, within two years after such reversal, a petition praying for the laying out of a highway over the identical place.

PETITION FOR CERTIORARI.
The case is sufficiently stated in the opinion.

*A. S. Kimball*, for the petitioners.

*Enoch Foster, jr.*, for the respondents.

APPLETON, C. J.   Henry A. Jewett and others, inhabitants of Waterford, petitioned the selectmen to lay out and establish a town way, describing the same in their petition.   The selectmen, due and legal proceedings being had, reported that the wants of the traveling public did not require the location of the town way, as prayed for.   Afterwards, and within the time required by law, the petitioners presented their petition to the county commissioners of this county, alleging they were aggrieved by the decision of said selectmen.   The county commissioners, upon due and legal proceedings, reversed the decision of the selectmen, and adjudged that common convenience and necessity required the location as prayed for, and that the selectmen had unreasonably refused to lay out and establish said town way, and proceeded to lay out and establish the same.

The inhabitants of Waterford, appealed from the decision of the county commissioners to this court.   A committee was appointed, who proceeded in conformity with the statute and made a report reversing the decision of the county commissioners, which was accepted and duly certified to them.

After the decision of the committee, and before it was certified to the county commissioners, the same petitioners presented another petition directly to the county commissioners, for a highway over the same ground as described in their petition for a town way, but embracing requests for alterations in a connecting highway.   The county commissioners entertained this petition, proceeded and viewed the route and located a county road where they had before located a town way, being the location which has been reversed by the committee, so far as the same is included in the limits of the petitioning town.

The only question is whether the county commissioners had authority to entertain the last petition and grant the prayer thereof.

The petitioners rely on R. S. c. 18, § 39, which provides that "in all cases when the judgment of the commissioners shall be reversed on appeal, no petition, praying for substantially the same thing, shall be entertained by them for two years thereafter."   Is,

then, a town way "substantially the same thing" as county way? We think, within the true meaning of the statutes, that it is not.

By the rules of construction established by R. S. c. 1, § 4, rule 6, "the word 'highway' may include a county bridge, county road, or county way." The meaning of this provision is that when this word is used, its import is to be taken as thus defined, unless the obvious sense of the statute should require a different construction. An highway does not include a town way unless by express enactment. *Cleaves v. Jordan*, 34 Maine, 9. When it does, the language of the statute levaes no doubt on the subject, as in R. S. c. 18, § 68, where in indictments "for neglect to open ways or keep them in repair," it is provided that "the word highway, used therein will include town ways, causeways, and bridges."

By R. S. c. 18, § 1, "county commissioners have power to lay out, alter, or discontinue highways leading from town to town."

By § 18, "the municipal officers of towns may personally or by agency lay out, alter, or widen town ways or private ways, for one or more of its inhabitants," etc.

Highways or county ways lead from one town to another. Town ways are within the territorial limits of a particular town. The officers of the town have original jurisdiction over town ways. The jurisdiction of the county commissioners is appellate. The land damages in town ways are to be paid by the town, for the use and benefit of whose inhabitants it is laid out. The land damages in county roads is to be paid by the inhabitants of the county, the highway being adjudged of "common convenience and necessity." The expenses of a way may be such that the burden should not be borne by the inhabitants of a town, and should be by those of the county. Its "convenience and necessity" may be such, that when a part of a county way, the expense of building it should equitably be imposed upon the inhabitants of a county. Town officers have no jurisdiction over a highway. County commissioners have such jurisdiction.

It is manifest that a town way is not "substantially the same thing" as a county road, and that a judgment denying the former

cannot be a bar to one establishing the latter. The county commissioners had original jurisdiction in the road in question, for it was a county road. The road in its whole length might properly be established as a county road, while a portion of it might, with equal propriety, be denied as a town road.

By the agreement of the parties the petition is to be dismissed.

*Petition dismissed.*

CUTTING, WALTON, BARROWS, and DANFORTH, JJ., concurred.